UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HALEY L.,<br><br>                Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>                Defendant. | CASE NO. 3:18-cv-5479 RSM-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE: January 25, 2019 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 10, 11, 12.

After considering and reviewing the record, the Court finds that the ALJ did not give clear and convincing reasons for rejecting the uncontradicted medical opinion of plaintiff's treating neurologist. Plaintiff submitted new evidence to the Appeals Council which showed that the ALJ's determination was incorrect regarding plaintiff's multiple sclerosis and incontinence

symptoms. The new evidence showed that although plaintiff did experience improvement in some of her symptoms, her fatigue and incontinence did not improve. The new evidence presents the reasonable possibility that had the ALJ reviewed the new evidence, he may have reached a different disability determination.

Accordingly, this Court recommends that this matter be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration. *See* AR. 79, 87. Plaintiff's requested hearing was held before Administrative Law Judge David Johnson ("the ALJ") on March 17, 2017. AR. 44. On May 18, 2017, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 15.

Plaintiff presented new evidence to the Appeals Council, suggesting that this matter be reviewed further. On July 31, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on June 15, 2018. Dkt. 4. Defendant filed the sealed administrative record regarding this matter ("AR.") on August 20, 2018. Dkt. 8.

Plaintiff is insured for DIB through December 31, 2014 and therefore must prove that she was disabled on or before this date to be eligible for Title II benefits. AR. 79.

## BACKGROUND

Plaintiff, Haley L., was born in 1977 and was 31 years old on the alleged disability onset date of January 1, 2012. AR. 18, 133. Plaintiff has completed one year of college and has work history as a certified nursing assistant, receptionist, and in internet sales. AR. 191-92. Plaintiff states that she stopped working because of her conditions. AR. 190-91.

According to the ALJ, plaintiff has at least the severe impairments of multiple sclerosis, incontinence, overactive bladder, possible neurogenic bladder, and urinary retention. AR. 20.

At the time of the hearing, plaintiff lived with her husband and two children. AR. 50-51.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff filed her claim for disability based on her impairments of multiple sclerosis ("MS") and incontinence. In plaintiff's opening brief, plaintiff raises the following issues: (1) "The ALJ has no medical opinion evidence supporting his adopted Residual Functional Capacity; the ALJ thus substituted his own, unsubstantiated medical opinion for the medical evidence[,]" and (2) "The ALJ fails to give specific, legitimate reasons for rejecting the opinion of Plaintiff's treating neurologist." Dkt. 10, p. 1. Additionally, plaintiff submitted new evidence to the Appeals Council, which has become part of the administrative record and must be

1  considered by this Court pursuant to *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir.
2  2012).

3       **I.    Whether the ALJ properly rejected Dr. Huddleston's opinion.**

4       Plaintiff's treating neurologist, Dr. Huddleston, opined that plaintiff's MS has worsened
5  since the birth of her son in 2011, that she experiences fatigue and that she must take frequent
6  breaks. AR. 28, 406. He also noted that plaintiff has uncontrolled fecal and urinary incontinence,
7  which causes frequent accidents requiring plaintiff to shower and change. AR. 28-29, 406-07.
8  Her combination of symptoms would require her to miss three days of work per month "because
9  of intermittent worsening of fatigue and continence." AR. 28-29, 406-07. Dr. Huddleston noted
10 that plaintiff's symptoms have been ongoing since 2011. AR. 407.

11      The ALJ assigned little weight to Dr. Huddleston's medical opinion. AR. 28. The ALJ
12 acknowledges that there were no other medical opinion sources in the record for the period at
13 issue, and specifically noted that there was no medical opinion evidence from state agency
14 medical consultants. AR. 28. Therefore, Dr. Huddleston's opinion is uncontradicted because
15 there is no other medical opinion in the record from the relevant time period.

16      The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted
17 opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing*
18 *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th
19 Cir. 1990)). However, the Ninth Circuit has held that "[a]lthough a treating physician's opinion is
20 generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect
21 to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v.*
22 *Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Moreover, "'[t]he ALJ may disregard the treating
23 physician's opinion whether or not that opinion is contradicted.'" *Batson v. Commissioner of*
24

1  *Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v.*
2  *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). As with all of the findings by the ALJ, the clear and
3  convincing reasons also must be supported by substantial evidence in the record as a whole. 42
4  U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing*
5  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6      In assigning little weight to Dr. Huddleston's opinion, the ALJ stated that the record as a
7  whole showed that plaintiff was less limited in her functioning than Dr. Huddleston indicated.
8  AR. 29.  The ALJ also noted that plaintiff's lack of treatment and good control of symptoms with
9  medication indicated that plaintiff's symptoms were not as severe as alleged. AR. 29.

10     It is unclear what "record as a whole" the ALJ is referring to, because Dr. Huddleston's
11 opinion and notes are the only medical evidence from the relevant time period. *See generally*
12 AR. 317-404, 406-07.  The only other opinion is a lay opinion from plaintiff's husband, to which
13 the ALJ also assigned little weight. AR. 29-30. The only specific reference the ALJ makes is to
14 plaintiff's lack of treatment and the control of her symptoms with medication. AR. 29.

15     In regards to plaintiff's treatment, the ALJ states that plaintiff's "urinary issues [] appear
16 to have come under fairly good control with the use of medication during the period at issue."
17 AR. 29.  However, the record he cites to, Exhibit 5F.11, states that plaintiff uses medication
18 "with very good effect . . . [o]n med [sic] voids about 5-7 times a day . . . has severe urge, and
19 has urge [urinary incontinence] [once] a day. Off med, she voids twice as often, and leaks with
20 every void." AR. 327. Therefore, even with some control when she is on medication, plaintiff
21 still experiences frequent urination, with incontinence once per day.

22     In his discussion, the ALJ also cites to Exhibit 5F.29. AR. 29, 345. This exhibit notes that
23 plaintiff's condition is relapsing and remitting, and that she had been off medication for five
24

years and was doing well until six months prior. AR. 345. On medication, her symptoms improved, but she still has numbness in her feet, as well as incontinence, but is not back to her baseline. AR. 345. After the ALJ issued his unfavorable decision, plaintiff sought clarification from Dr. Huddleston as to whether the ALJ's assumptions were correct regarding the implications of plaintiff's lack of treatment and good response to medication. AR. 11-12.

Dr. Huddleston was aware that plaintiff had not sought treatment at certain times, but in a post-hearing letter, he notes that plaintiff's improvement on medication had been "incomplete" and she developed permanent fatigue and incontinence symptoms. AR. 13. He stated that those symptoms did not respond well to treatment. AR. 13. Therefore, the ALJ's assumption that plaintiff had good response to treatment was not based on medical evidence, but on his own interpretation of the record. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)).

Therefore, the ALJ did not give clear and convincing reasons for assigning little weight to Dr. Huddleston's opinion. As Dr. Huddleston's post-hearing letter demonstrates, the ALJ drew incorrect inferences regarding plaintiff's response to treatment. Notwithstanding, this Court acknowledges that the ALJ did not have the opportunity to review Dr. Huddleston's response to the ALJ's assessment of the evidence, as it was submitted for the first time to the Appeals Council.

**II.     New evidence submitted to the Appeals Council.**

The Appeals Council denied review of the decision stating that the newly submitted evidence did not relate back to the period at issue. AR. 2. The Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added). The Ninth Circuit did not require a finding that plaintiff had good cause for failing to produce the new evidence earlier. *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993); *see also Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011). Therefore, this Court must consider whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor,* 659 F.3d at 1232 (*citing Ramirez,* 8 F.3d at 1451-54).

New evidence submitted after a hearing must be material and relate to the period on or before the date of the hearing. 20 C.F.R. §404.970(a)(5). Here, Dr. Huddleston's letter responds to assumptions the ALJ made regarding medical evidence that existed at the time of the hearing, and therefore relates back to the time of the hearing. It is unclear why the Appeals Council states that the evidence does not relate back, except to say the evidence was dated after the hearing. AR. 2.

The Ninth Circuit has held that "evidence is sufficiently material to require a remand 'only where there is a *reasonable possibility* that the new evidence would have changed the outcome of the Secretary's determination.'" *Booz v. Secretary of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984) (emphasis in original)(*citing Dorsey v. Heckler,* 702 F.2d 597,

604 (5th Cir. 1983)). The Court in *Booz* also stated that "the materiality of new evidence should not be tested as strictly in the administrative [context], as in the judicial context." *Id.* at 1381.

There is a reasonable possibility that the ALJ may interpret the evidence differently after reading Dr. Huddleston's explanations. For instance, Dr. Huddleston noted that although plaintiff had experienced improvement in some of her MS symptoms, others, including fatigue and incontinence had not responded to treatment and had become permanent. AR. 13. Dr. Huddleston also clarified that plaintiff's ability to walk 2 or 3 miles only occurred when she was not fatigued, and that she was unstable and prone to falling when she was fatigued. AR. 14. This clarification of the evidence may lead the ALJ to include additional limitations in the RFC, so it is reasonably possible that the new evidence will change the outcome of the ALJ's determination. *Booz* 734 F.2d at 1380.

In sum, when considering the record as a whole—including the evidence submitted to the Appeal's Council—this Court cannot determine that ALJ's decision is based on substantial evidence.

**III.    Remedy**.

When the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Here, because there is evidence the ALJ did not have the opportunity to consider, "outstanding issues [] must be resolved before a determination of disability can be made." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). Therefore, remanding the case for further proceedings is the appropriate remedy.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 25, 2019, as noted in the caption.

Dated this 11th day of January, 2019.

J. Richard Creatura
United States Magistrate Judge